IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFORD E. MYERS, | : | No. 1:25cv1553 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| DALTON JAMES JONES, Palmyra | : | |
| Borough Police Department, | : | |
| **Defendant** | : | |

## ORDER

Before the court is the Report and Recommendation ("R&R") of Magistrate Judge Susan E. Schwab. (Doc. 13).  The R&R recommends dismissal of Plaintiff Clifford Myers's amended complaint and closure of this case. (Id. at 1).

By way of brief background, Myers filed his original complaint on August 21, 2025, and an amended complaint on October 9, 2025. (Docs. 1, 8).  He also moved for leave to proceed in *forma pauperis*, which was granted. (Docs. 2, 6). On November 5, 2025, Myers notified the court of his release from the Lebanon County Correctional Facility and updated his address. (Doc. 10).

According to the R&R, Myers asserts unspecified claims against a police officer arising from an alleged traffic stop during which he was questioned and searched.[1] (Doc. 13 at 1).  Upon preliminary screening of the amended complaint

---

[1] The R&R observes that Myers seeks unspecified "declar[a]tory, injunctive and other equitable relief and damages[.]" (Doc. 13, at 6; Doc. 8, Am. Compl. at 5).  The R&R further concludes

pursuant to 28 U.S.C. § 1915(A), Magistrate Judge Schwab concluded that it failed to state a claim upon which relief may be granted. (Doc. 12 at 1). Accordingly, Magistrate Judge Schwab granted Myers leave to file a second amended complaint by March 19, 2026, and cautioned Myers that failure to comply would result in dismissal. (Id. at 13).  Myers did not file a second amended complaint.

On April 2, 2026, Magistrate Judge Schwab issued the instant R&R recommending dismissal of this action. (Doc. 13).  No objections have been filed and the time for such filing has passed.[2]

_____

that Myers's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2).

[2] If a plaintiff fails to prosecute a case or comply with court orders, district court judges are empowered to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) and its own inherent authority to manage the docket for the orderly and expeditious disposition of cases. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31(1962)).  Decisions regarding dismissal of actions on these grounds rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Such discretion is regulated by the required balancing of several factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

First, courts "should gauge a party's knowledge before dismissing the case[.]" United States v. Brace, 1 F.4th 137, 144 (3d Cir. 2021).  Myers proceeds pro se in this case.  He is personally responsible for not filing a second amended complaint as ordered.  This factor weighs in favor of dismissal.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the

_____

Regarding the second Poulis factor, there is limited prejudice to defendant since this matter initially failed screening. This factor weighs against dismissal. But "there is no magic formula or mechanical calculation with regard to the Poulis analysis. In fact, no single Poulis factor is dispositive, and… not all of the Poulis factors need be satisfied in order to dismiss a complaint." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013) (citations, quotation marks, and brackets omitted).

The third Poulis factor considers a history of dilatoriness, and the fourth Poulis factor considers whether plaintiff's conduct was willful or in bad faith. Here, despite being advised that he needed to plead additional facts to state a claim against the defendant, Myers failed to file a second amended complaint by the court-imposed deadline. This action cannot move forward on the allegations provided to date. By disobeying the court's order, Myers has stopped this case in its tracks. Such conduct reflects dilatoriness and willfulness and supports dismissal of this action.

As for the availability of alternative sanctions, the fifth Poulis factor, plaintiff is *pro se* and proceeds in *forma pauperis*. Fines or other monetary sanctions would not be effective in this case. The only sanction available to the court is dismissal.

Meritoriousness is the sixth and final Poulis consideration, and it is of paramount importance. See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013). "A claim…will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]" Poulis, 747 F.2d at 869–70. Here, in providing plaintiff with leave to amend, the court believed that plaintiff could potentially state a plausible claim against the defendant. As detailed above, however, rather than attempt to move this case forward for consideration on its merits, plaintiff has taken a different approach. He appears willing to stand on the allegations of his amended complaint. Those allegations fall short of stating a meritorious claim as detailed by Magistrate Judge Schwab in the R&R. Because plaintiff has refused to allege facts to demonstrate that his case has merit, dismissal of this action is the appropriate sanction.

Nonetheless, the court will dismiss this action without prejudice, permitting Myers to file a new complaint in the future should he elect to do so and can allege additional supporting facts.

3

recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After careful review, the court finds neither clear error on the face of the record nor a manifest injustice in the magistrate judge's analysis and recommendations. Therefore, the court will accept the R&R and adopt it in its entirety.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 13), is **ADOPTED** in its entirety;

2) Myers's *pro se* amended complaint, (Doc. 8), is **DISMISSED** without prejudice to the plaintiff endeavoring to refile the complaint in the future should he so choose; and

3) The Clerk of Court is directed to **CLOSE** this case.

Date: 4/22/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

4